UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON, | No. 2:15-cv-2117 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SAM WONG DO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I. Three Strikes Analysis

The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

/////

1

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

By order filed April 28, 2017, the undersigned screened the original complaint and granted plaintiff leave to proceed in forma pauperis. ECF No. 5. Upon screening, the court dismissed all defendants except defendant Wong. Id. at 15. Plaintiff was given the option of amending the complaint or proceeding on his claims against Wong. Id. He chose to amend the complaint. ECF No. 8. Plaintiff proceeded to file an amended complaint that contained only an abbreviated version of his original claims against defendant Wong.[1] ECF No. 12. However, the court will not go forward with screening the complaint at this time because it has since come to the court's attention that at the time plaintiff initiated the instant action, he had already accumulated at least three strikes under § 1915(g).

---

[1] The court notes that the first amended complaint omits the facts contained in the original complaint that supported an allegation of deliberate indifference rather than a mere difference of opinion.

2

Upon inspection of the dockets in cases filed by plaintiff in the Central and Southern Districts of California, this court has identified three cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff in the United States District Courts for the Central and Southern Districts of California:[2]

1. Patterson v. Morris, C.D. Cal. No. 2:98-cv-05252 AAH RC, 1998 U.S. Dist. LEXIS 24243 (report and recommendation), 1998 U.S. Dist. LEXIS 24242 (November 9, 1998 order adopting report and recommendation and dismissing complaint for failure to state a claim)
2. Patterson v. Lombatoz, S.D. Cal. No. 3:98-cv-01759 AJB, 1998 U.S. Dist. LEXIS 24160 (November 3, 1998 order dismissing complaint for failure to state a claim)[3]
3. Patterson v. Leslie, C.D. Cal. No. 2:12-cv-06088 UA SS, ECF No. 6 (August 9, 2012 order dismissing complaint for failure to state a claim)

All of the preceding cases were dismissed well in advance of the October 5, 2015 filing[4] of the instant action and none of the strikes have been overturned. Therefore, this court finds that

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] The complaint was dismissed in part for failure to state a claim because the challenge to his rules violation was barred by Heck v. Humphrey, 512 U.S. 477(1994). Patterson v. Lombatoz ("Lombatoz"), No. 3:98-cv-01759 AJB, 1998 U.S. Dist. LEXIS 24160, at *4-5 (S.D. Cal. Nov. 2, 1998). However, while plaintiff did seek injunctive relief in addition to damages, the relief he sought was "[a]n injunction preventing defendant(s): from putting any inmates on 'C' status and from retaliation." Lombatoz ECF No. 1 at 8. This relief does not sound in habeas. Plaintiff also attached a letter that he sent to the warden two weeks before he mailed the complaint, that states he had tried to appeal the disciplinary finding but his appeal "has never been responded to nor was the problem resolved." Id. at 9. Plaintiff's other claims, which were also dismissed for failure to state a claim, did not implicate the legality of his sentence. Lombatzo, 1998 U.S. Dist. LEXIS 24160, at *5-6. Accordingly, this dismissal counts as a strike. Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1055-57 (9th Cir. 2016) (Heck dismissal counts as a failure to state a claim if it is clear on the face of the complaint that conviction has not been overturned and the requested relief does not sound in habeas).

[4] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

3

plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

The first amended complaint alleges that in March 2014, defendant Wong, his primary care provider at Mule Creek State Prison, denied plaintiff treatment for hepatitis C. ECF No. 12 at 1-2. However, at the time he filed the first amended complaint, it had been over three years since the alleged violation of his rights and he was housed at the California Correctional Institution and presumably no longer under defendant Wong's care. Id. at 1. Even if the court were to use the filing date of the original complaint to determine whether plaintiff was in imminent danger at the time he filed the complaint, at the time he filed the original complaint he was housed at the Substance Abuse Treatment Facility and over a year had passed since the alleged denial of treatment. Accordingly, plaintiff is unable to demonstrate that he was in imminent danger at the time he filed the complaint. The undersigned will therefore recommend that plaintiff's in forma pauperis status be revoked and he be required to pay the filing fee in full or have the complaint dismissed.

II. Plain Language Summary of this Order for a Pro Se Litigant

You have three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are about things that happened a year before you filed the original complaint, and that happened at a prison you were no longer at, you cannot show imminent danger. It is therefore being recommended that your in forma pauperis status be

/////

revoked and that you be required to pay the entire filing fee in full before you can go forward with your complaint.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's in forma paupueris status be revoked.

2. That plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 13, 2017.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE